UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE F., | ) |
| Plaintiff, | ) No. 21cv2596 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff George F.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (dkt. 14) is DENIED and Defendant's motion for summary judgment (dkt. 15) is GRANTED. The final decision of the Commissioner is affirmed.

### I. THE ALJ'S DECISION

On April 4, 2019, Plaintiff filed for disability insurance benefits and supplemental security income, alleging disability beginning February 18, 2019. Administrative Record ("R.") 28.) On December 1, 2020, an Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled under the Social Security Act. (R. 28-42.)

At Step 1 of that decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 18, 2019. (R. 31.) At Step 2, the ALJ found that Plaintiff had the severe impairments of status post closed displaced intertrochanteric fracture of the left femur of

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] "Plaintiff's Brief in Support of Reversing and Remanding the Commissioner's Decision" has been construed as a motion for summary judgment by the Court.

the left hip; right tibia, right fibula and right ankle fracture, status post open reduction and internal fixation; and chronic obstructive pulmonary disease ("COPD"). *Id.* At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* Before Step 4, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following exceptions: occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; occasional operation of foot controls; no climbing of ladders, ropes, or scaffolds, or work at unprotected heights; occasional work with moving mechanical parts and in vibration; occasional work in dust, odors, fumes, pulmonary irritants, extreme cold, and extreme heat; and "[t]he claimant requires a cane to walk." (R. 32.) At Step 4, the ALJ determined Plaintiff was unable to perform any past relevant work. (R. 40.) At Step 5, the ALJ found that given his age, education, work experience, and RFC, Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy. (R. 40-41.) Because of these determinations, the ALJ found Plaintiff not disabled under the Act. (R. 41-42.)

On March 16, 2021, the decision of the Commissioner became final and reviewable by the District Court under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on May 13, 2021, seeking review of the Commissioner's decision. (Dkt. 1.)

**II.    DISCUSSION**

Plaintiff raises a single issue with the ALJ's opinion: that the ALJ inappropriately assessed Plaintiff's subjective statements about the extent of his limitations. The Court disagrees, finding that the ALJ's six reasons for not fully crediting Plaintiff's subjective symptom complaints constitute adequate support for the ALJ's decision. The Court declines to remand on this basis, as detailed below.

The regulations set forth a two-step process for evaluating a plaintiff's statements about his impairments. *See* 20 C.F.R. § 416.929. An ALJ first determines whether a medically determinable

2

impairment "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 416.929(a). If so, the ALJ then "evaluate[s] the intensity and persistence" of the plaintiff's symptoms and determines how they limit the plaintiff's "capacity for work." 20 C.F.R. § 416.929. In applying the second step, the ALJ assesses whether medical evidence substantiates the plaintiff's symptoms. *See* Social Security Ruling ("SSR") l6-3p. If medical evidence does not confirm the intensity and persistence of the claimed symptoms, the ALJ considers a list of non-exhaustive factors. *See id*. An ALJ's assessment of a plaintiff's subjective statements of symptoms need not be flawless and is entitled to deference unless it is "patently wrong," which is a "high burden." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015); *Turner v. Astrue*, 390 F. App'x 581, 587 (7th Cir. 2010). Only when an ALJ's assessment lacks *any* explanation or support will a court declare it to be "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

Here, the ALJ explained that he found Plaintiff's assertions about the severity of his symptoms and limitations not entirely consistent with the preponderance of the medical evidence and other evidence in the record. (R. 34; 20 C.F.R. § 404.1529(c)(2).) His analysis of Plaintiff's subjective symptoms highlighted the ways in which Plaintiff's assertions varied from the evidence, as detailed below.

First, the ALJ recognized that Plaintiff's traumatic February 2019 slip on ice resulted in left hip and leg pain, but noted that Plaintiff generally improved with treatment (R. 35, 37; (referring to R. 362, 495).) In February 2019, Plaintiff underwent surgery to repair the fracture. (R. 411-12, 495.) Plaintiff reported feeling well in April of 2019 (R. 35 (referring to R. 417)), made good progress by May of 2019 (R. 37 (referring to R. 431)), and had only mild pain by June of 2019 (R. 37 (referring to R. 475)). However, Plaintiff asks the Court to impermissibly reweigh the evidence in this matter and declare that the ALJ was wrong to consider Plaintiff's statements to his providers concerning his mild pain levels in light of his hearing testimony that he was in significant pain. (*Compare* R. 475 (mild pain levels reported to healthcare providers) with R. 65 (testimony that Plaintiff is "just not capable of doing much of anything anymore")). This the Court will not do. Not only is the Court not permitted to reweigh the evidence, *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021), but an ALJ may discount a claimant's subjective allegations when there

3

exists an incongruity between the relatively modest symptoms the claimant reports to his doctors and the more severe symptoms he reports to an ALJ. *Murphy v. Berryhill*, 727 F.App'x 202, 207 (7th Cir. 2018). It was proper for the ALJ to rely on Plaintiff's reports of improvement in his pain. An individual can be impacted by their conditions and still not be fully disabled; a claimant's conditions may certainly affect their functioning – it is up to the ALJ to determine how much a given claimant's functioning is affected and to craft an RFC finding detailing the most that claimant can do despite their impairments. 20 C.F.R. §§ 404.1545, 416.945.

Second, the ALJ noted a general lack of treatment as well as noncompliance with the treatment Plaintiff received after his 2019 surgery and physical therapy. (R. 35, 37.) As the record reflects, there was virtually no treatment after 2019, despite Plaintiff alleging disability beginning in February 2019. (R. 300-494). As the ALJ observed, the record reflected many canceled appointments, appointments where Plaintiff was a no call no show; ultimately, at times when he did have access to care, Plaintiff attended 12 appointments and cancelled 19 other appointments. (R. 37 (referring to R. 475).) Relatedly, third, the ALJ noted that after his surgery, the majority of Plaintiff's treatment was conservative in nature. (R. 37). This included some physical therapy, followed by an abrupt stop to any treatment. (R. 300-494.) While Plaintiff asserts his lack of insurance and financial resources explained the lengthy breaks in his treatment and noncompliance with that treatment, the ALJ asked Plaintiff about these excuses during the administrative hearing and considered – and largely rejected – his responses. (R. 34 (discussing Medicaid and insurance), R. 35 (acknowledging lack of finances).) The ALJ also observed that Plaintiff did not avail himself of low-cost healthcare or other similar resources. (R. 35).[3]

Fourth, despite claims of symptoms so debilitating that Plaintiff alleged he required a walker and

---

[3] In his decision, the ALJ also observed that Plaintiff's fiancée is "a nurse, who would have been familiar with resources to obtain free and low-cost health care." (R. 35.) The Court agrees with Plaintiff that this statement constitutes impermissible speculation, but the Court finds it to be harmless error. This statement could be stricken from the ALJ's decision with no impact on the outcome as the ALJ's finding was otherwise supported by substantial evidence. The Court will not remand based on this statement. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) (remand not proper if Court "can predict with great confidence that the result on remand would be the same.")

was only able to walk short distances (R. 33 (referring to R. 57)), the ALJ highlighted how the record contained many normal physical examinations and other objective contradictory findings. (R. 36.) For example, Plaintiff repeatedly ambulated without any assistive device and with a consistently improving gait. (R. 36 (referring to R. 475, 479, 481, 485).) Additionally, the ALJ noted how the most recent medical evidence in the file, a February 2020 consultative examination, revealed full motor strength, negative straight leg raising, walking without any assistive device, and getting on and off the examination table without difficulty. (R.36 (referring to R. 496-97).)

Fifth, the ALJ remarked on "the wide divergence between the claimant's hearing allegations and reports of functional limitations with the evidence of record demonstrating stable clinical findings with conservative treatment" (R. 38), specifically pointing out that Plaintiff engaged in activities at odds with such his claims of debilitating symptoms, including evidence that belied Plaintiff's alleged walking limitations. Specifically, the ALJ noted that Plaintiff walked an unknown distance away from a car dealership; traveled to another state; and skipped therapy to go to a music studio. (R. 37.) The ALJ remarked that while these activities were not dispositive of an ability to work, they undermined Plaintiff's most significant testimony about his daily activities, including that he did not do much on most days and only left the house when absolutely necessary. (R. 33.) The Court finds this analysis consistent with that of a reasonable adjudicator.

Sixth, (and in the Commissioner's opinion, most tellingly), the ALJ relied on the medical opinions, all of which found plaintiff capable of performing light work subject to postural and exertional restrictions. (R. 39; *see also* R.77-79, 99-101.) The ALJ likewise limited Plaintiff to light work with additional restrictions. (R. 32.)

In sum, the Court finds the ALJ reviewed, acknowledged, and assessed Plaintiff's alleged symptoms and limitations, and then used the factors in the regulations and agency policy to satisfactorily explain why they were not fully consistent with the objective and other relevant evidence in the record. 20 C.F.R. § 416.929(c)(3)(ii). The ALJ's assessment of Plaintiff's symptoms and the accompanying

5

reasoning is well-supported and adequate to support his conclusions (*i.e.*, supported by substantial evidence). *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Thus, the Court cannot say the ALJ's decision is 'patently wrong' in the sense that it is wholly unsupported. *Elder*, 529 F.3d at 413-14. The Court declines to remand the ALJ's decision in this matter.

### III. CONCLUSION

For the reasons detailed above, the Court finds the ALJ's decision to be supported by substantial evidence. The Court declines to remand this matter. Therefore, Plaintiff's motion for summary judgment (dkt. 14) is DENIED and Defendant's motion for summary judgment (dkt. 15) is GRANTED. The final decision of the Commissioner denying benefits is affirmed.

**ENTERED: October 6, 2022**

Susan E. Cox,
United States Magistrate Judge